43 F.3d 1456
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Andrew TEMPELMAN, Plaintiff, Appellant,
v.
Robert PHILBRICK, Defendant, Appellee.
 No. 94-1494
 United States Court of Appeals,
First Circuit.
 Dec. 14, 1994
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Paul J. Barbadoro, U.S. District Judge ]
 Andrew Tempelman on brief pro se.
 Mark D. Wiseman, Cleveland, Waters and Bass, P.A., Warren C. Nighswander, and Sulloway and Hollis on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 The judgment is affirmed substantially for the reasons recited by the district court in its decision dated March 28, 1994. It is worth emphasizing what is not presented by the instant appeal. Plaintiff's constitutional argument rests solely on the Petition Clause of the First Amendment; he is not alleging that New Hampshire law creates a liberty interest entitling him, as a matter of procedural due process, to have his petition articles submitted to the voters at the school district meeting or the subsequent town meeting. Cf. Montero v. Meyer, 13 F.3d 1444, 1446-50 (10th Cir.) (finding no liberty interest conferring right to participate in drafting of ballot initiative), cert. denied, 115 S. Ct. 231 (1994). Nor are we faced with a situation where the moderator (or for that matter the board of selectmen or the school board) has elected to withhold such articles entirely from the voters.
 
 
 2
 Instead, the moderator in each instance here, after ruling that plaintiff's articles were contrary to state law and thus would not be voted upon, and after entertaining argument from plaintiff, called for a vote as to the propriety of this ruling. It was the voters themselves-"the very governmental bodies to whom the petitions were addressed," as the district court noted-who made the ultimate decision not to consider the articles because of their perceived invalidity. Plaintiff thus succeeded in "petitioning" the voters; he simply failed to persuade them. Under these circumstances, it is apparent that no First Amendment violation occurred. See, e.g., Minnesota Board for Community Colleges v. Knight, 465 U.S. 271, 288 (1984) ("A person's right to speak is not infringed when government simply ignores that person while listening to others.") (footnote omitted); San Filippo v. Bongiovanni, 30 F.3d 424, 437 (3d Cir. 1994) ("the petition clause does not require the government to respond to every communication that the communicator may denominate a petition"); Cecelia Packing Corp. v. United States Dep't of Agriculture, 10 F.3d 616, 623 (9th Cir. 1993) ("The First Amendment guarantees the right to participate in the political process; it does not guarantee political success.") (quoting Badham v. Eu, 694 F. Supp. 664, 675 (N.D. Cal. 1988), aff'd, 488 U.S. 1024 (1989)).
 
 
 3
 For these reasons, as well as the others enumerated by the district court, the judgment dismissing plaintiff's federal claims on the merits (and dismissing his state claims without prejudice) is hereby
 
 
 4
 Affirmed.